UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANNY M. LOPEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CORIZON, INC.; DR. ELIASON; and MS. SEYS,<br><br>        Defendants. | Case No. 1:15-CV-00123-EJL<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

On May 24, 2016, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") recommending that Defendants' Motion for Summary Judgment be granted. (Dkt. 31.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). Plaintiff filed written objections and Defendants have responded. The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the

2

> district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

    The Court has reviewed the unobjected to portions of the Report as well as the record in this matter for clear error and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Plaintiffs have objected and finds as follows.

## DISCUSSION

    The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 31.) Plaintiff Damon M. Lopez ("Plaintiff") initiated this action on April 10, 2015 by filing his Complaint against Corizon, Inc. ("Corizon"), Dr. Scott Eliason, and

Jane Seys.[1] (Dkt. 3.) Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC") who claims Defendants violated provisions of state or federal law requiring that inmates be provided adequate medical care. (Dkt. 3.) Plaintiff's claims generally allege that Defendants removed him from Wellbutrin, an antidepressant that worked well for him, and proceeded to try a host of other medications that either did not work for him or caused him to suffer very bad side effects. (*Id.* at p. 2.) Plaintiff alleges the Defendants' failure to prescribe Wellbutrin amounts to deliberate indifference to his mental health care in violation of the Eighth Amendment to the United States Constitution. *Id.*

The subject of the Report is the Motion for Summary Judgment that Defendants filed on February 3, 2016. (Dkt. 20.) The Report recommends that the district court grant the Motion and dismiss Plaintiff's claims against Defendants. (Dkt. 31.) First, the Report recommends the district court dismiss Plaintiff's claims against Defendant Corizon because Plaintiff failed to produce sufficient evidence to support a finding that Corizon had a custom or policy causing the injury to Plaintiff. Second, the Report recommends the district court dismiss Plaintiff's claims against Defendants Dr. Eliason and Seys because Plaintiff failed to establish a genuine issue of material fact that Defendants' treatment plan for

---

[1] Jane Seys is a Psychiatric Nurse Practitioner employed by Corizon who is able to write prescriptions and provided continuing care to Plaintiff.

Plaintiff was "medically unacceptable" or chosen in conscious disregard of an excessive risk to Plaintiff's mental health. (Dkt. 31, p. 24.)

Plaintiff objects to the Report's recommendations with a myriad of arguments, some of which were raised in his response to the Motion for Summary Judgment. (Dkt. 27.) The Court has reviewed the Plaintiffs' objections *de novo* and concludes the Report has properly addressed the arguments in this case. Furthermore, this Court's own view of the record, briefing, and applicable law is consistent with the reasoning and analysis as articulated in the Report.

The Report notes that Corizon, as a corporation, may only be held liable for a 42 U.S.C. § 1983 violation if it is found to have a policy or custom that causes the deprivation of Plaintiff's constitutional rights. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Plaintiff contends Corizon's policy is to decline prescribing effective drugs for an inmate's serious medical condition if the drug is not on the formulary. However, Plaintiff has not come forward with evidence of any policy other than his opinion based upon his requests for Wellbutrin, and the resulting denial of a prescription for Wellbutrin. The undisputed facts in the record indicate Corizon maintained a formulary list of approved medications and would prescribe a medication not on the formulary list if the inmate's medical condition warranted it and approval was given.

The Report also notes that a disagreement between a patient and his or her medical provider about a treatment plan is not actionable unless the Plaintiff can show the treatment plan was "medically unacceptable under the circumstances" or was "chosen in conscious disregard of an excessive risk" to Plaintiff's mental health. (Dkt. 31, p. 24.) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004)). Plaintiff argues Dr. Eliason and Seys were deliberately indifferent to his serious medical needs because Seys prescribed numerous medications to treat his depression that were not effective, and unjustifiably denied him a prescription for Wellbutrin despite the fact that it had alleviated his depression symptoms in the past. This Court agrees with the Report that Plaintiff has failed to meet his burden to create a genuine issue of material fact that the treatment plan chosen by Seys was "medically unacceptable" or "chosen in conscious disregard of an excessive risk to Plaintiff's mental health."

This Court has reviewed the original briefing of the parties, the Report, and the entire record herein. In doing so, the Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*,

353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Applying these principles here, this Court is in agreement with the reasoning and conclusion of the Report that Defendants' Motion for Summary Judgment should be granted. (Dkt. 31.) Moreover, the Court is in agreement with the Report's recitation of the facts, discussion of the applicable law, and analysis. For these reasons and those stated in the Report, the Court will adopt the Report and grant the Defendants' Motion.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on May 24, 2016 (Dkt. 31) is **ADOPTED IN ITS ENTIRETY** as follows:

1) The Defendants' Motion for Summary Judgment (Dkt. 20) is **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED**.

Dated: **July 28, 2016**

Honorable Edward J. Lodge
United States District Judge